The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

DUV VAN NGUYEN A/K/A KEVIN
DUONG, an individual

11

                              Plaintiff,

12

     vs.

13

THE BOEING COMPANY,

14

                              Defendant.

15

16

Case No. C10-0415MJP

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

17

18

19

20

21

        This Matter is the Boeing Company's ("Boeing") motion to dismiss Nguyen's claims
related to his termination of employment.  This Court grants the motion to dismiss as to all the
claims.  The breach of contract claim is preempted by federal law and is dismissed with
prejudice.  All remaining claims are insufficiently pled to state a claim and are dismissed without
prejudice.

22

**I.        BACKGROUND**

23

24

        As alleged in the complaint, Nguyen was hired by Boeing on or about May 4, 2007 as a
Flight Test Technician, Grade 9, until he was terminated on May 1, 2008.[1]  (Dkt. No. 1, Ex. 2,

25

26

_____

[1]  The complaint alleges that Nguyen was hired on May 4, 2008.  However, the next sentence alleges
that Nguyen was employed from May 4, 1008 to May 1, 2008 – an obvious impossibility.  The next

hereinafter "Compl." at ¶ 6.)  Nguyen alleges that on March 19, 2008, he took a leave of absence as a result of "stress-related events" at Boeing.  (Id. at ¶ 7.)  After Nguyen's leave of absence, Boeing contacted Nguyen and asked whether he was working a second job.  (Id. at ¶ 8.)  Nguyen had a second job while he was employed at Boeing and Nguyen alleges that Boeing knew about it.  (Id.)  Boeing notified Nguyen after his leave of absence that he was in violation of Boeing's policy and Nguyen's employment was terminated.  (Id. at ¶ 9.)

This suit followed.  Nguyen alleges six causes of action: (1) discrimination in violation of Washington law; (2) breach of express and implied contracts; (3) negligence; (4) wrongful termination/retaliation; (5) negligent infliction of emotional distress; and (6) the tort of outrage.

**II.    ANALYSIS**

**A.    Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides that a party can move for a motion to dismiss for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Id. (quoting Fed. R. Civ. P. 8(a)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  (citing Twombly, 550 U.S. at 555).  Furthermore, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  This Court addresses each claim in the order they appear in the complaint.

---

sentence then indicates that he was terminated on May 1, 2008, also impossible if he was hired on May 4, 2008.  In ¶7, Nguyen alleges that he took a Leave of Absence on March 19, 2008, which also would have been impossible if he was not hired until May 4, 2008.  Finally, in ¶14 and ¶15, Nguyen alleges that he entered into a contract of employment with Boeing on May 4, 2007.  The Court is operating under the assumption that Nguyen was hired on May 4, 2007, took his leave of absence on March 19, 2008 and was terminated on May 1, 2008.

**B.      Discrimination**

Nguyen alleges that Boeing discriminated against him on the basis of a disability in violation of RCW 49.60.  To make a prima facie showing of disability discrimination under RCW 49.60.180(2), a plaintiff must show:

> (1) the existence of a disability, (2) he or she can perform the essential functions of the job with or without accommodation, and (3) he or she was not reasonably accommodated.

Erwin v. Roundup Corp., 110 Wn. App. 308, 314 (2002).   Under the Washington Law Against Discrimination ("WLAD") a:

> "Disability" means the presence of a sensory, mental, or physical impairment that: (i) Is medically cognizable or diagnosable; or (ii) Exists as a record or history; or (iii) Is perceived to exist whether or not it exists in fact.

Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 502 (2009) (quoting RCW 49.60.040(25)(a)).  The only disability that can be discerned from Nguyen's allegations is the stress-related event.  The complaint fails the Iqbal/Twombly standard.  It does not even offer a formulaic recitation of the cause of action.  There are no factual allegations as to discrimination based on disability.  Among other things, it is unclear what disability Nguyen is alleging and the discriminatory conduct that led to his termination.  This claim is dismissed without prejudice.

**C.      Breach of Contract**

Nguyen also alleges a breach of contract action.  Boeing argues that Nguyen's contract claims are preempted by the Labor Management Relations Act ("LMRA").  Under the LMRA, § 301 "preempts state law claims that are based directly on rights created by a collective bargaining agreement as well as claims that are substantially dependent on an interpretation of a collective bargaining agreement."  Niehaus v. Greyhound Lines, Inc., 173 F.3d 1207, 1211 (9th Cir. 1999) (quotation marks omitted).  The "determinative question is whether the state law factual inquiry . . . turns on the meaning of any provision of the collective-bargaining

1  agreement." <u>Ward v. Circus Circus Casinos, Inc.</u>, 473 F.3d 994, 998 (9th Cir. 2007) (quotation

2  marks omitted).  However, "a plaintiff covered by a collective-bargaining agreement is permitted

3  to assert legal rights <u>independent</u> of that agreement, including state-law contract rights, so long

4  as the contract relied upon is <u>not</u> a collective-bargaining agreement." <u>Caterpillar Inc. v.</u>

5  <u>Williams</u>, 482 U.S. 386, 396 (1987).

6        On a motion to dismiss a district court may consider "a document the authenticity of

7  which is not contested, and upon which the plaintiff's complaint necessarily relies." <u>Parrino v.</u>

8  <u>FHP, Inc.</u> 146 F.3d 699, 706 (9th Cir. 1998), <u>superseded by statute on other grounds</u>.  Here,

9  Nguyen's complaint, as demonstrated by his response, necessarily relies on the CBA and his

10  union membership.  (Dkt. No. 9 at 3-4.)  It is apparent from declarations and Nguyen's response

11  that Nguyen is relying on the collective bargaining agreement[2] ("CBA") between the union and

12  Boeing, and an employee manual to assert his contract claim, even if the CBA is not mentioned

13  by name.  Boeing's CBA contains a nondiscrimination policy at Section 21.4.  (Dkt. No. 6 at 74.)

14  Section 21.4 also requires all grievances based on this section to follow the grievance and

15  arbitration procedure of Article 19 of the collective bargaining agreement.  (<u>Id.</u>)  An

16  interpretation of that section is necessary to resolving the contract dispute between Nguyen and

17  Boeing.  Therefore the express contract claim is preempted by the LMRA § 301.

18        This analysis applies to Nguyen's implied contract claim as well.  Even though he

19  clarifies in his response that he relied on the employer handbook, this claim is preempted as well.

20  In <u>Olguin v. Inspiration Consol. Copper Co.</u>, an employee attempted to assert a breach of

21  contract claim based on an employee manual.  740 F.2d 1468, 1474 (9th Cir. 1984), <u>overruled on</u>

22  <u>other grounds by</u> <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 220 (1985).  The Ninth Circuit

23  held that "to the extent that the alleged policy manual is inconsistent with the provisions of the

24  _____
25  [2] The reliance is apparent from Nguyen's declaration and his response.  Nguyen admits in his declaration that he was a union member and that he contacted his union to file a grievance on his behalf. (Dkt. No. 9 at 3.)  It is also evident that Nguyen is relying on the non-discrimination policy contained in
26  the CBA.  (<u>Id.</u>)  Nguyen's declaration is referenced in his response.

1    collection bargaining agreement, the bargaining agreement controls." Id.  Here, the Nguyen's

2    declaration makes clear that he relies on the manual's description of Boeing policy of non-

3    discrimination.  (Dkt. No. 9 at 3.)  The CBA's non-discrimination provision controls here and

4    because interpretation of the CBA's provision is required, the claim is preempted.  See also

5    Swinford v. Russ Dunmire Oldsmobile, Inc., 82 Wn. App. 401, 411 (1996).

6        Nguyen argues that his contract claim is not preempted because he has exhausted his

7    CBA remedies.  Prior to filing suit an employee must "exhaust any mandatory or exclusive

8    grievance procedures provided in the agreement."  Soremekun v. Thrifty Payless, Inc., 509 F.3d

9    978, 985-6 (9th Cir. 2007).  The CBA provides that a discrimination claim shall be subject to the

10   grievance procedure.  (Dkt. No. 6 at 74.)  Nguyen has not exhausted his claim because the union

11   did not pursue it to any sort of final determination.  (Dkt. No. 9 at 4.); see Vaught v. Scottsdale

12   Healthcare Corp. Health Plan, 546 F.3d 620, 630 (9th Cir. 2008).  As Nguyen recognizes in his

13   response, there is one caveat to the exhaustion requirement.  An employee can bring an action

14   "for breach of the collective bargaining agreement, brought solely against the employer, by

15   showing that the union violated its duty of fair representation."  Soremekun, 509 F.3d at 987.

16   This rule applies when "the union representing the employee in the grievance/arbitration

17   procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach

18   its duty of fair representation."  Del Costello v. Int'l Broth. Of Teamsters, 462 U.S. 151, 164

19   (1983).  This rule could apply here because the union voluntarily abandoned the grievance.  The

20   plaintiff's duty is to show "first, that the employer breached the collective bargaining agreement,

21   and second, that the labor union breached its duty of fair representation."  Soremekun, 509 F.3d

22   at 987.  Here, Nguyen's complaint completely lacks any allegations as to whether or not the

23   union has breached its duty of fair representation.  Nguyen's breach of contract claim is

24   dismissed as preempted.

25       **D.    Negligence**

26

ORDER GRANTING DEFENDANT'S MOTION TO                    CASE NO. C10-415
DISMISS - 5

Nguyen also alleges a negligence claim.  First, Boeing argues that as a matter of law employers are shielded from negligence claims by the Washington Industrial Insurance Act ("IIA").  The IIA "granted Washington employers immunity from lawsuits arising from workplace injuries." <u>Vallandigham v. Clover Park Sch. Dist. No. 400</u>, 154 Wn.2d 16, 26 (2005).  The only exception is when "an employer intentionally injures an employee." <u>Id.</u> at 27.  Washington courts have held that "mere negligence, <u>even gross negligence</u>, does not rise to the level of deliberate intention." <u>Id.</u>  However, "an action for handicap discrimination against an employer is not barred by the IIA when the underlying disability arose in the workplace." <u>Goyne v. Quincy-Columbia Basin Irr. Dist.</u>, 80 Wn. App. 676, 683 (1996).  Here, Nguyen has alleged that he was discriminated against for a disability resulting from "stress-related events at Boeing." (Compl. at ¶ 11.)  The disability arose in the workplace – therefore, this claim is not barred by the IIA.

Second, Boeing argues that Nguyen's negligence claim is preempted by the LMRA.  The LMRA applies and preempts the claim if "the duty relied on is 'created by a collective-bargaining agreement and without existence independent of the agreement." <u>Ward</u>, 473 F.3d at 999 (quoting <u>United Steelworkers v. Rawson</u>, 495 U.S. 362, 369 (1990)).  Here Nguyen alleges that Boeing "breached the duty owed to Plaintiff by failing take action against an employee which it knew or should have known was discriminating, harassing, retaliating against and threatening the Plaintiff."  (Complaint at ¶ 22.)  Nguyen does not specify what the duty is.  The duty appears to derive from the CBA's written policy prohibiting discrimination.  However, Nguyen does not specifically reference the CBA and Boeing does not point to a specific provision of the CBA as controlling.  This Court cannot determine at this time whether the LMRA preempts this claim.

Finally, Boeing argues that Nguyen has failed to plead his claim sufficiently.  "The elements of negligence include the existence of a duty to the plaintiff, breach of that duty, and injury to the plaintiff proximately caused by the breach." <u>Sheikh v. Choe</u>, 156 Wn.2d 441, 447-

48 (2006).  Nguyen has failed the Iqbal/Twombley requirements completely as to the negligence claim.  He does not plead with any specificity what the duty is, what injury was suffered, or the proximate cause of the breach.  Nguyen's negligence claim is dismissed without prejudice.

### E.    Wrongful Termination and Retaliation

Nguyen alleges that he has a wrongful termination and retaliation claim against Boeing.  (Compl. at ¶ 24.)  In part, Nguyen argues that he was "wrongfully terminated . . . in violation of the Laws of the State of Washington and retaliated against . . . as a direct result of his need for a medical leave of absence."  (Id.)

Boeing argues that this claim fails as a matter of law because it does not fall into the public policy exception for at-will termination.  Generally, "[a]n employee may have a cause of action in tort for wrongful discharge if the discharge of the employee contravenes a clear mandate of public policy."  Blinka v. Wash. State Bar. Assoc., 109 Wn. App. 575, 584 (2001) (quotation marks omitted).  The elements of the tort are:

> (1) The existence of a clear public policy (clarity element); (2) that discouraging the conduct in which he or she engaged would jeopardize the public policy (jeopardy element); and (3) that the public-policy-linked conduct caused the dismissal (causation element).

Korslund v. Dyncorp Tri-Cities Services, Inc., 156 Wn.2d 168, 178 (2005).  The plaintiff "must show that other means of promoting the public policy are inadequate."  Id. at 182.  The inquiry is "limited to examining existing laws to determine whether they provide adequate alternative means of promoting the public policy."  Id.  Furthermore, the "other means of promoting the public policy need not be available to a particular individual so long as the other means are adequate to safeguard the public policy."  Hubbard v. Spokane County, 146 Wn.2d 699, 717 (2002).

Here, Nguyen argues that he was terminated because of his need for a medical leave of absence.  Nguyen clarifies in his response that the public policy at issue is RCW 49.60 et. seq..

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

CASE NO. C10-415

This, however, was not in his complaint.  If his argument is construed as one relating to disability discrimination then the Washington Law Against Discrimination, the basis for Nguyen's first cause of action, is a clear adequate alternative means of promoting the public policy.  Another public policy exception to at-will employment is termination for "exercising his legal right or privilege," in this case, Nguyen's right to take a leave of absence.  Boring v. Alaska Airlines, Inc., 123 Wn. App 187, 195 (2004).  No Washington state court published opinions have addressed this issue and this Court cannot tell from Nguyen's complaint what he intends to allege.  It is possible that FMLA covers his claim, however, the FMLA only covers "employees who have worked for a covered employer for at least 12 months and for at least 1,250 hours during the previous 12-month period."  Bachelder v. America West Airlines, Inc., 259 F.3d 1112, 1119 n.2 (9th Cir. 2001) (citing 29 U.S.C. § 2611(2)).  This Court cannot determine at this point whether alternate means are adequate.

This claim, however, also fails under the Iqbal/Twombley standard.  The complaint does not sufficiently allege the elements of the tort – especially the clarity and jeopardy elements.  There is no discussion of what public policy is violated, merely the "Laws of the State of Washington."  Because Nguyen does not identify the public policy implicated, it is difficult to determine how that public policy is jeopardized.  This claim is dismissed without prejudice.

### F.      Negligent Inflication of Emotional Distress

Nguyen alleges a Negligent Infliction of Emotional Distress ("NIED") claim.  (Dkt. No. 1 at 17.)  Boeing argues first that this claim is also preempted by the LMRA.  The same standards as discussed in the breach of contract and negligence section apply here.  If the NIED claim requires interpretation of the CBA, then it is preempted.  Jackson v. Southern California Gas Co., 881 F.2d 638, 645 (9th Cir. 1989).  In Jackson, the Ninth Circuit held that a NIED claim was preempted because accusations of "unsatisfactory work, of being a trouble maker, harassing other employees, and of other dishonest acts all relate to matters of discipline governed by section 12 of the collective bargaining claim."  Id.  In Perugini v. Safeway Stores, Inc., the Ninth

Circuit held that a CBA was relevant to the question of foreseeability because the CBA did not have the explicit duty that was alleged to be breached.  935 F.2d 1083, 1089 (9th Cir. 1991). Here, Boeing does not point to any specific provision of the CBA that would need to be interpreted to adjudicate the NIED claim.  Just as with the negligence claim, this Court has difficulty determining what duty Nguyen is asserting that Boeing violated, what harm was foreseeable, etc. so it cannot be determined whether the LMRA preempts this cause of action. Furthermore, there is not a specific provision of the CBA related to medical leave policies or to disciplinary actions.  Based on the filings before the Court, this Court is unable to determine whether the LMRA preempts the NIED claim.

However, as with the other tort claims, this claim is insufficiently pled.  The tort for negligent infliction of emotional distress contains all the elements of a regular negligence claim – duty, breach, causation, and damage.  Washington v. Boeing Co., 105 Wn. App. 1, 17 (2000).  A NIED claim further "requires the plaintiff to establish that the emotional distress is manifested by objective symptoms."  Id.  Just as Nguyen did not highlight a specific duty, injury, or causation under the negligence claim, he has failed to do the same on the NIED claim.  Furthermore, Nguyen has not alleged that he has manifested any objective symptoms of emotional distress. Nguyen fails to Iqbal/Twombly standard completely and his allegations are bare recitations of the elements of the tort.  This claim is dismissed without prejudice.

**G.      Tort of Outrage**

Nguyen final claim is the tort of outrage.  (Compl. at ¶ 28.)  Boeing again argues that this claim is preempted by the LMRA.  In Humble v. Boeing Co., the Ninth Circuit analyzed Boeing's alleged failure to accommodate a plaintiff upon her return from medical leave.  305 F.3d 1004, 1012 (9th Cir. 2002).  The court held that "[i]f . . . the plaintiff's outrage claim attempts to enforce rights or duties established by the CBA while sidestepping the CBA's dispute resolution processes, it is preempted."  Id. at 1012-13.  ""[I]f the CBA specifically covers the conduct at issue, the claim will generally be preempted."  Id. at 1013.  If the "CBA does not

1    'cover' the allegedly extreme and outrageous conduct, the intentional infliction claim will not be

2    preempted." Id.  Here, Boeing fails to point to a specific provision of the CBA that covers the

3    conduct.  This problem is compounded by the lack of specificity in Nguyen's allegations.  This

4    Court cannot determine if the LMRA preempts this claim.

5        The lack of specificity in Nguyen's allegations dooms the claim under the

6    Iqbal/Twombley standard.  The tort of outrage under Washington law has the following

7    elements:

8        (1) Extreme and outrageous conduct; (2) intentional or reckless infliction of
9        emotional distress; and (3) actual result to the plaintiff of severe emotional
         distress.  The conduct in question must be so outrageous in character, and so
10       extreme in degree, as to go beyond all possible bounds of decency, and to be
         regarded as atrocious, and utterly intolerable in a civilized community.

11

12   Id. at 1012.  Here, Nguyen has failed to allege any intentional or reckless conduct that supports a

13   showing of outrage.  Nguyen has failed to allege with any specificity that he has suffered severe

14   emotional distress.  Nguyen has also failed to allege that the conduct was extreme or outrageous

15   with any specificity.  This Court finds that this claim is not sufficiently pled and the claim is

16   dismissed without prejudice.

17   **III.    CONCLUSION**

18       This Court hereby GRANTS defendant's motion to dismiss.  All claims except for the

19   breach of contract claims are dismissed without prejudice.  The breach of contract claims are

20   dismissed with prejudice because they are preempted by the LMRA.  Plaintiff must file an

21   amended complaint within 15 days of this Order or judgment may be entered.  The Clerk shall

22   transmit a copy of this Order to all counsel of record.

23       Dated this 25th day of May, 2010.

24

25                                         _____
                                           Marsha J. Pechman
26                                         United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 10                                                CASE NO. C10-415